IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JONATHAN LEE RICHES,

    Plaintiff,                                                 Civil Action No. 3:08CV1

v.

LEMONY SNICKET,

    Defendant,

and

JONATHAN LEE RICHES,

    Plaintiff,

v.                                                            Civil Action No. 3:08CV2

LOUISE DESNOYERS,

    Defendant,

and

JONATHAN LEE RICHES,

    Plaintiff,

v.                                                           Civil Action No. 3:08CV7

WALTER LEROY MOODY,

    Defendant,

and

JONATHAN LEE RICHES,

    Plaintiff,

v.                                                   Civil Action No. 3:08CV8

WILBUR RAY TODD, JR.,

    Defendant,

and

JONATHAN LEE RICHES,

    Plaintiff,

v.                                                   Civil Action No. 3:08CV9

PLAXICO BURRESS,

    Defendant.

# AMENDED
# MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION THAT ALL ACTIONS BE DISMISSED WITHOUT PREJUDICE AND THAT THE CLERK BE INSTRUCTED NOT TO FILE ANY FURTHER ACTIONS RECEIVED FROM JONATHAN LEE RICHES WITHOUT THE EXPRESS WRITTEN ORDER OF A JUDGE OF THIS COURT

I. Background

Between January 2, 2008 and January 10, 2008, Jonathan Lee Riches, hereinafter "Riches", an inmate at FCI Williamsburg in Salters, South Carolina, filed each of the above actions pro se.[1] All five actions were referred to Magistrate Judge James E. Seibert by Order of The Honorable John Preston Bailey, District Judge. Subsequently, all five cases were transferred to the undersigned.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

On January 14, 2008, the magistrate judge entered a report and recommendation that all the actions be dismissed without prejudice under the "Three Strikes Rule" and that a pre-filing injunction be issued against Riches.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636 (b) (1) (C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. No objections were filed.

## II. Discussion

Pursuant to 28 U.S.C. § 636 (b) (1) (C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because plaintiff did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

By having at least seven previous actions dismissed prior to service of process as frivolous pursuant to 28 U.S.C. § 1915, Riches is clearly within the parameters of the "Three Strikes Rule" of 28 U.S.C. § 1915 (g). Further, in none of the instant actions is there a credible allegation of "imminent danger of serious physical injury." Finally, this is precisely the kind of abuse of the federal court system which requires that a pre-filing injunction be issued.

Riches has a history throughout the federal courts of filing frivolous actions and lawsuits. The United States Court Pacer U.S. Party/Case Index lists Jonathan Lee Riches as having filed 596

cases between February 2006, and January 24, 2008, prompting one United States District Judge to make the following finding about the plaintiff's filings:

> It is not clear whether these outlandish pleadings are products of actual mental illness or simply a hobby akin to short story writing. Whatever there origin, and though they are amusing to the average reader, they do nothing more than clog the machinery of justice, interfering with the court's ability to address the needs of the genuinely aggrieved. It is time for them to stop.

See Jonathan Lee Riches vs. Orenthal James Simpson, et al., 6:07cv1504-Orl-31KRS.

This Court agrees. Riches has no good faith basis for pursuing the litigation and only intends to harass. The burden on this Court is great. Between January 2, 2008 and January 23, 2008, Riches filed 87 cases in this district.[2] There is no alternative to a pre-filing injunction to protect the Court. Therefore, Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 817-820 (4th Cir. 2004) requires a pre-filing injunction be issued.

### III. Conclusion

The Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby **AFFIRMS** and **ADOPTS** the report and recommendation of the magistrate judge in its entirety.

Accordingly, it is hereby **ORDERED** that:

(1) the complaints in each of the above-styled actions be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). See Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is for the district court to dismiss the complaint without prejudice

---

[2] Six of those cases were styled as "28 U.S.C. § 2241 Habeas Corpus Relief" in an apparent attempt to circumvent the three strikes rule which does not apply to habeas petitions. However, because Riches' custodian is in the State of South Carolina, those cases were transferred to the United States District Court for the District of South Carolina without any finding as to the merit of those cases.

4

when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

    (2)    That a pre-filing injunction be issued against plaintiff, and that the Clerk of the Court be **ORDERED** to refuse any new complaints for filing in a matter from plaintiff before obtaining leave by the undersigned Judge.

    (3)    That leave of Court be forthcoming upon plaintiff's demonstration through a properly filed motion that the proposed filing: (1) can survive a challenge under Federal Rule of Civil Procedure 12, (2) is not barred by the principles of issue or claim preclusion, (3) is not repetitive or in violation of a court order, and (4) is in compliance with Federal Rule of Civil Procedure 11.

    (4)    That the injunction imposed by this opinion shall not apply to filings in currently pending actions, the filing of timely notices of appeal to the Court of Appeals, and papers filed solely in furtherance of such appeals.

    (5)    That the Clerk of the Court file a copy of this memorandum opinion and order in each of the five civil actions referenced in the style of this case.

Plaintiff is advised that he may appeal the decision of this Court. Any written Notice of Appeal must be filed with the Clerk of this Court pursuant to Federal Rules of Appellate Procedure 3 and 4. Failure to file a timely Notice of Appeal waives the right to an appeal.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is **DIRECTED** to enter judgment on this matter.

The Clerk of the Court is directed to mail a copy of this memorandum opinion and order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

DATED: March 14, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE